NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DARQUINE WILSON, *Appellant.*

No. 1 CA-CR 18-0898
FILED 3-19-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2016-002129-002
The Honorable Susan M. Brnovich, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1        Darquine Wilson appeals his felony convictions and sentences. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The victim was home when a masked man with an "Uzi" scaled his front fence and ordered a visitor to lay down. The intruder then opened the fence for his masked conspirators to join him and unlocked the house. The masked threesome then entered the home, ordered the victim to the floor and "hit him upside [the] head with a gun" before seizing his cell phone and around $800.

¶3        Police were alerted to the ongoing home invasion. A police helicopter responded. The intruders heard the helicopter and fled on foot. Police found and arrested Wilson. He was hiding in the laundry room of a nearby home with $620 stuffed into his right sock. Police later recovered the victim's cell phone and keys in the same laundry room.

¶4        Wilson was indicted and convicted on two counts of kidnapping, two counts of armed robbery, one count of burglary and one count of theft. The superior court sentenced Wilson to a combination of concurrent and consecutive prison terms totaling 40 years. Wilson timely appealed.

## DISCUSSION

¶5        Wilson raises one issue on appeal. He argues the superior court improperly allowed police detectives to testify about the victim's description of his keys in violation of the Confrontation Clause. He contends the description was testimonial and the victim never testified.

¶6        The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause

bars the admission of out-of-court testimonial evidence unless the defendant has a chance to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The Confrontation Clause does not, however, bar the admission of statements for "purposes other than establishing the truth of the matter asserted." *State v. Womble*, 225 Ariz. 91, 97, ¶ 12 (2010) (quoting *Crawford*, 541 U.S. at 59 n.9).

**¶7** "We review de novo challenges to admissibility based on the Confrontation Clause." *State v. Boggs*, 218 Ariz. 325, 333, ¶ 31 (2008). We find no error. The superior court did not violate Wilson's Confrontation Clause rights because the detectives' testimony was not introduced to prove the truth of the matter asserted. The detective's testimony was instead elicited in response to questions about why the police did not "test" the keys at the victim's home.

**¶8** Any potential error was also harmless. *See State v. Bible*, 175 Ariz. 549, 588 (1993) ("Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict."). Police recovered the keys and the victim's phone in the laundry room where Wilson hid from police. And the visitor testified that the masked intruders fled with his keys.

## CONCLUSION

**¶9** We affirm the convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

3